IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEPHEN ROBERT GOODMAN and CHARLES JM. GREER, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>HILLSDALE COLLEGE,<br><br>  Defendant. | Case No. 1:25-cv-417-HYJ-PJG<br><br>Chief Judge: Hala Y. Jarbou<br>Magistrate Judge: Phillip J. Green |

**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for July 21, 2025, before Hon. Phillip J. Green. Appearing for the parties as counsel will be:

**For Defendant: Collin Vierra**

**For Plaintiffs: Brian Levin and Jeffrey Kaplan**

1. <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

**Plaintiffs allege that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, because this action arises under the VPPA, 18 U.S.C. § 2710, and that this Court also has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). Defendant does not contest the Court's subject matter jurisdiction in its motion to dismiss.**

2. <u>Jury or Non−Jury</u>: This case is to be tried [before a jury] [by the Court as a trier of law and fact].

**Plaintiffs demand a trial by jury of all issues triable as of right. Defendant reserves the right to contest Plaintiffs' claim on the ground that the right to trial by jury does not apply to the VPPA.**

3. <u>Judicial Availability</u>: The parties **do not agree** to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>: This case involves:

**Plaintiffs allege that Hillsdale College is liable under the Video Privacy Protection Act (VPPA) for its use of Third-Party Tracking technology on its online course website, including the "Pixel" created by Meta (formerly known as Facebook). Plaintiffs allege that this technology unlawfully disclosed their personally identifiable information to Meta and others, including who they are and what videos they watched. In Plaintiffs' view, that is a textbook violation of the VPPA.**

**Hillsdale has moved to dismiss the claims on several bases: First, the College, as a non-profit entity providing a free library, is not a Video Tape Service Provider because it is not engaged in the audiovisual-material business. Second, Plaintiffs are not "subscribers" under the VPPA. Third, the College did not disclose Plaintiffs' personally identifiable information, because the information allegedly transmitted to Meta was not information that would readily permit an ordinary person to identify Plaintiffs' video-watching behavior. Fourth, the College did not disclose any alleged**

information; the users themselves transmitted it to Meta. Finally, the alleged disclosures were permissible because the College made them to support its own marketing efforts, which fall within the VPPA's "ordinary course of business" exception. The College has additional arguments against liability that it may raise at the appropriate time.

Plaintiffs contest the above arguments and representations and intend to oppose these arguments in their opposition to the College's motion to dismiss but will refrain from litigating them in this Joint Status Report.

5. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

**No settlement negotiations have occurred.**

6. <u>Pendent State Claims</u>: This case **does not** include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **September 1, 2025**.

8. <u>Disclosures and Exchanges</u>:

    (a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedules for Rule 26(a)(1) disclosures, as set forth in the **schedules below**.

    (b) The parties expect to be able to furnish the names of their experts as set forth in the proposed schedules below.

(c) It **would** be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the **schedules below**.

(d) **The parties are unable to agree on voluntary productions at this time.**

9. <u>Discovery</u>:

**Defendant recommends that the Court stay discovery while the College's motion to dismiss remains pending. The College's motion to dismiss has a strong likelihood of success. Plaintiffs should not be able to unlock discovery with a meritless complaint.**

If this case proceeds to discovery, Defendant proposes focusing discovery initially on the merits of Plaintiffs' individual claims, which Defendants believe will reveal dispositive deficiencies in Plaintiffs' claims and thus avoid the burden of class discovery. If necessary, subsequent discovery would cover issues potentially relevant to class certification, subject to further orders of this Court.

| **Deadline** | **Defendant's Proposed Date** |
|---|---|
| Parties serve initial disclosures | February 2, 2026 |
| Deadline to serve written discovery on merits issues | July 31, 2026 |
| Fact discovery closes for any fact discovery that any party wishes to use for the merits | September 4, 2026 |
| Disclosure and service of Plaintiffs' written expert reports on merits | September 18, 2026 |
| Disclosure and service of Defendants' written expert reports in opposition | November 6, 2026 |

| Deadline | Defendant's Proposed Date |
|---|---|
| Parties' Rebuttal Expert Reports on Merits | December 18, 2026 |
| Expert Discovery on Merits Closes | February 5, 2027 |
| Motions for Summary Judgment | February 26, 2027 |
| Responses to Motions for Summary Judgment | March 26, 2027 |
| Replies to Motions for Summary Judgment | April 16, 2027 |
| Class Certification Issues | TBD |
| Pretrial Proceedings | TBD |
| Trial | TBD |

**Plaintiffs' proposed schedule is outlined below. It focuses on getting through discovery in one shot, rather than separating it into phases that will result in unnecessary disputes without streamlining the case. Individual liability and class discovery are so intertwined that that bifurcation will only significantly increase the cost of discovery and the number of disputes that would require the Court's intervention. Plaintiffs' proposed schedule also seeks to first determine whether or not this case is a class action, because that question will frame the rest of the case and can be teed up more simply that summary judgment, which could encompass every claim in the case.**

| Deadline | Plaintiffs' Proposed Date |
|---|---|
| Parties serve initial disclosures | August 21, 2025 |
| Joinder of Parties and Amendment of Pleadings (absent good cause) | September 1, 2025 |
| Plaintiffs' motion for class certification | October 28, 2026 |
| Defendant's opposition to Plaintiffs' motion for class certification | November 24, 2026 |
| Plaintiffs' reply in support of their motion for class certification | December 16, 2026 |
| Fact discovery closes | 60 days after this Court's final order on class certification |
| Disclosure and service of remaining written expert reports[1] | May 5, 2027 |
| Disclosure and service of reports for exports who are (only) rebutting experts whose reports were served on June 9, 2027 | May 26, 2027 |
| Expert Discovery Closes | July 9, 2027 |
| Motions for Summary Judgment | August 11, 2027 |
| Oppositions to Motions for Summary Judgment | September 11, 2027 |
| Replies in Support of Summary Judgment motions | October 2, 2027 |
| Trial | Early December 2027 |

---

[1] To the extent that experts are used to support the class certification motion, they would be disclosed during that process.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

**The Parties will meet and confer and will propose an ESI protocol governing the discovery of electronically stored information to the Court within 45 days of the date the Court enters a scheduling order.**

11. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>:

**The Parties will meet and confer on the entry of an agreed protective order, which will, *inter alia*, specify terms and conditions for the disclosure of confidential and export controlled information and address the protection of materials protected by the attorney-client privilege, work product doctrine, and other applicable privileges, including clawback procedures pursuant to Federal Rules of Evidence Rule 502, within 45 days of the date the Court enters a scheduling order. The proposed order will include the following provisions:**

    **a. The production of privileged or work-product protected documents, ESI or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).**

    **b. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including**

**metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.**

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

**Defendant filed a motion to dismiss on June 30, 2025. Plaintiffs' response is due July 28, 2025, and Defendant's reply is due August 11, 2025.**

**Defendant reserves the right to file a motion to strike, a motion for judgment on the pleadings, and a motion for summary judgment, and other such motions as may be appropriate.**

**Plaintiffs intend to file a motion for class certification in 2026.**

The parties **are unable to** anticipate when all dispositive motions will be filed at this time.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective. Indicate a preferred time frame for conducting alternative dispute resolution.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

**Understanding that the Court will require the parties to participate in some form of Alternative Dispute Resolution, the parties are discussing early, neutral, and voluntary evaluation, or case evaluation. Defendant is not amenable to mediation at this time. The parties do not believe discovery is necessary prior to a neutral or case evaluation.**

14. <u>Length of Trial</u>: Counsel estimate the trial will last approximately **5** days total, allocated as follows: **2.5** days for plaintiff's case, **2.5** days for defendant's case, **0** days for other parties.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. <u>Other</u>: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

Dated: July 16, 2025

| | |
|---|---|
| *s/ Jacob Polin*<br>LEVIN LAW, P.A.<br>Brian Levin<br>brian@levinlawpa.com<br>Jacob Polin<br>jacob@levinlawpa.com<br>41000 Woodward Ave, Ste 350<br>Bloomfield Hills, MI 48304<br>Telephone: (248) 270-7338<br><br>DIMOND KAPLAN & ROTHSTEIN, P.A.<br>Jeffrey B. Kaplan (Petition for Admission Forthcoming)<br>jkaplan@dkrpa.com<br>Alex Peraza (Petition for Admission Forthcoming)<br>aperaza@dkrpa.com<br>2665 South Bayshore Drive, PH2B<br>Miami, Florida 33133<br>Telephone: (305) 374-1920<br><br>*Counsel for Plaintiffs Stephen Robert Goodman and Charles JM. Greer* | *s/ Ryan J. Walsh*<br>Ryan J. Walsh<br>EIMER STAHL LLP<br>10 East Doty Street, Suite 621<br>Madison, WI  53703<br>(608) 620-8346<br>(312) 692-1718 (fax)<br>rwalsh@eimerstahl.com<br><br>Collin Vierra<br>EIMER STAHL LLP<br>1999 South Bascom Avenue<br>Suite 1025<br>Campbell, CA 95008<br>(408) 889-1668<br>(312) 692-1718 (fax)<br>cvierra@eimerstahl.com<br><br>*Counsel for Defendant Hillsdale College* |